[ Filed November 3, 1890. ]

EDWIN MILLER, APPELLANT, *v.* JOSEPH W. BAILEY, RESPONDENT.

PARTNERSHIP—DISSOLUTION—AGREEMENT.—If, upon the dissolution of a partnership, it is agreed that the partner continuing the business shall pay the debts, such agreement is broken by mere non-payment, and the outgoing partner can maintain a suit for the breach without having paid anything himself. And if a clause be added to save harmless, the former is not merged in the latter, and the obligee can rest upon either.

DISSOLUTION AGREEMENT—CASE IN JUDGMENT.—When, by the terms of a dissolution agreement, between B. and M., the latter retired from the firm and B. was to pay the outstanding debts and liabilities of the firm, and made a composition agreement with the firm's creditors whereby he was to pay fifty per cent of the firm's debts, upon payment of which B. was to be discharged but not M., and B. complied with the composition agreement and thereupon went to the principal creditor of the firm and asked him to sue B. & M. and collect his money from M., and upon the action being brought he made no defense and did not acquaint M. of the composition agreement or its terms, nor plead it himself as a defense, but made default, and M. paid a large sum of the partnership debts of B. & M.; *held*, that when sued for failing to comply with the dissolution agreement, B. was estopped from relying upon the supposed release created by the composition agreement, and the court declined to decide whether such release existed or not.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

The substance of the complaint is, that on September 7, 1885, plaintiff and defendant were partners in a general retail grocery business in Portland, Oregon, under the firm name of Bailey & Miller; that on that day they were indebted to divers persons, and among others to Wadhams & Elliott in about the sum of $1,500, about one-half of which was secured by note and the remainder an open account; that on that day plaintiff and defendant dissolved said partnership, and by an agreement then entered into for a valuable consideration, the defendant Bailey agreed to pay and satisfy in full all debts then existing against said firm of Bailey & Miller and all sums of money which were due or owing by said partnership (except a debt due Folger & Co.), including said $1,500 due Wadhams & Elliott. And said defendant further agreed that he would at all times save and keep harmless and indemnify plaintiff against all and every person whatsoever, to which said Bailey & Miller or either of them were indebted in relation to said partnership and of and from all charges, actions, costs, damages, executions, judgments and demands whatsoever that might at any time arise against said plaintiff by reason of any matter or thing respecting or relating to said partnership, including all or any claims that might arise against the plaintiff or for which he might become liable on account of said debt due the said firm of Wadhams & Elliott. It is then alleged that defendant failed and neglected to keep said agreement as to said debt due Wadhams & Elliott or to pay same; and that on August 19, 1889, Wm. Wadhams, to whom Wadhams & Elliott had assigned their claim against Bailey & Miller, commenced an action against Bailey & Miller for $1,162.90, then due on the promissory notes held by them against Bailey & Miller, and threatened to commence an action to recover the amount due on account; that defendant failed to pay said claims or to secure the withdrawal of said action; and that for his own protection the plaintiff was

compelled to pay and did pay to said Wadhams on the twenty-fourth day of September, 1889, the sum of $1,006.47, and that defendant fails and refuses to pay the same, etc.

The defendant's answer admits the agreement made on the dissolution of the firm of Bailey & Miller, and denies substantially all of the other material allegations of the complaint. The answer then alleges that on the twenty-fourth of November, 1885, defendant fully satisfied, paid and discharged all claims and debts owing, due or to become due, from or on account of the firm of Bailey & Miller to the firm of Wadhams & Elliott, and to other creditors of the said Bailey & Miller mentioned in a certain writing as follows:

"This agreement made and entered into this twenty-fourth day of November, A. D. 1885, between us, the creditors of J. W. Bailey—witnesseth: That whereas the said J. W. Bailey does justly owe us and is indebted to us, his several creditors, in the several amounts set opposite our respective names, but by reason of losses and disappointments in business he is unable to pay and satisfy us of our full debts and just claims and demands; now, therefore, we, the said creditors, have resolved and agreed, and by this agreement do resolve and agree, to undergo a certain loss, and to accept of fifty cents for every dollar owning by the said J. W. Bailey to us, the several and respective creditors, to be paid in full satisfaction and discharge of our several and respective debts, as follows, to wit: One-third of said indebtedness we agree to take in notes of Horace Ramsdell, dated of this date, payable on or before eighteen months from date, to each of us *pro rata*, without interest; and the balance of the fifty cents aforesaid, or one-sixth of our respective claims, we agree to take in notes of J. W. Bailey, dated of this date, payable on or before two years after date to each of us *pro rata*, with interest after one year at the rate of eight per cent per annum. And it is hereby further agreed that neither we, the said several and respective creditors, or any of us, nor the executors,

administrators, partners or assigns of us, or either of us, shall or will at any time or times hereafter, sue, arrest, attach or prosecute the said J. W. Bailey or his property and chattels for any debt or thing now due to us or any of us, his respective creditors aforesaid; so as the said J. W. Bailey, his executors or administrators do well and truly pay unto us his said notes. In witness whereof, we have hereunto set our hands and the amount of our several claims opposite our respective names, the day and year first above written. This is to be construed as in no manner releasing Edwin Miller from his liability to us on said indebtedness. Wadhams & Elliott, $1,526.38."

Then follow the signatures of a large number of Bailey & Miller's creditors with the amount due each firm set opposite. It is alleged that the sum of $1,526.38 set opposite the name of Wadhams & Elliott was the amount due said firm by Bailey & Miller and the identical claim, a portion of which plaintiff alleges he paid on the twenty-fourth of September, 1889. That in compliance with said contract the defendant delivered his note for one-sixth the amount due Wadhams & Elliott, and has since paid the same and has performed every part of said contract by him to be done; that Ramsdell, in compliance with said contract, executed and delivered his note to Wadhams & Elliott for one-third of said sum. The answer further alleges that Bailey paid his note to Wadhams & Elliott on the fifth day of October, 1889; that Wadhams & Elliott knew of the retirement of said Miller and the agreement of defendant to pay them their claim, and that they thereafter settled said claim with said Bailey, and for a new and valuable consideration extended the time of payment of the same.

The reply denies the new matter in the answer, and then alleges that by composition agreement set out, Miller was not released. It is also alleged that at the time of Miller's payment to Wadhams, Bailey had not paid his note. It is then alleged that Bailey prompted and instigated Wadhams

to sue Miller & Bailey on the partnership debt which is relied upon as an estoppel.

The plaintiff proceeded with his evidence, which tended to prove the material facts stated in the complaint; at the conclusion of which, on motion of defendant's counsel, the court non-suited the plaintiff for the reason he had failed to prove a case sufficient to be submitted to a jury. It may be proper to add that the witness Wadhams was allowed to state on cross-examination all facts in relation to said composition agreement, and what Bailey did under it. All the evidence is in the bill of exceptions. The remaining facts appear in the opinion.

*A. L. Frazer*, for Appellant.

*F. A. E. Starr*, for Respondent.

STRAHAN, C. J., delivered the opinion of the court.

In addition to the facts already narrated, it appears from the evidence that the defendant Bailey sent an attorney to Wadhams, who informed him that by then sueing Miller he could collect the amount due from Bailey & Miller, and shortly afterwards the defendant himself called on Wadhams and prompted him to sue Bailey & Miller, and at the time said to Wadhams that there was a judgment to be entered up against him in favor of Miller or Miller's wife, and he would rather that Wadhams should have it as the balance of his claim against Bailey & Miller than that Miller should get it.

Before proceeding to consider the ruling of the court in ordering a non-suit, it is proper to ascertain some of the duties which Bailey owed Miller by virtue of the terms of the agreement of dissolution. By that agreement he was to pay all debts of every kind then due by Bailey & Miller with one exception; and at all times thereafter to save, keep harmless and indemnify Miller against all and every person whomsoever to whom Bailey & Miller were indebted (except one claim) in relation to said partnership, and of and from all charges, actions, damages, costs, etc., what-

soever, and what has heretofore or shall at any time hereafter arise and come against said Miller for or by reason of any matter or thing respecting or relating to said partnership. If the contract be to pay the debts it is broken by mere non-payment, and the outgoing partner can maintain a suit without having paid anything himself. This is like a contract of indemnity, for it is affirmative. So is the covenant to pay the debts and save harmless. Here are two stipulations—one to pay, and one to save harmless or indemnify, and the former is not merged in the latter, and the obligee can rest upon either. And the covenant to pay is broken by non-payment, and a suit lies though the obligee has not actually paid. 2 Bates on Partnership, § 636. Bailey, then, being bound by the terms of the dissolution agreement to pay the Wadhams debt and to hold Miller harmless, could not relieve himself by making a composition agreement with Wadhams, including other creditors, and keep the terms secret. If that agreement operated to discharge both Miller and Bailey from their obligation to Wadhams, Bailey was bound, especially when he and Miller were sued for the same debt by Wadhams, to make known to Miller the terms of the agreement so as to enable Miller to plead it as a defense to the action. This Bailey neglected to do. Not only so, but, contrary to his agreement with Miller, he prompted and instigated Wadhams to sue Miller for the express purpose of compelling Miller to pay the debt which Bailey had covenanted to pay and to indemnify Miller against. Bailey did not even plead the agreement in his own defense when jointly sued with Miller, but allowed that action to go by default as to him. Under these circumstances we do not consider or decide whether the composition agreement discharged Wadhams' claim against Miller or not. Bailey would not plead that discharge against Wadhams when he had the opportunity, and when it was his duty to have done so, and he shall not now rely upon it for the purpose of defeating Miller's claim. The circumstances *estop* him.

This view of the case requires a reversal of the judgment of the court below and that the cause be remanded for a new trial, on principles not inconsistent with this opinion.